**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 06-7483

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRETT A. RODMAN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:06-CR-00170-PMD)

─────────────

Submitted:  June 13, 2007                Decided:  July 11, 2007

─────────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brett A. Rodman was involuntarily committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d) (2000), based on a finding by the district court that he is incompetent to stand trial on federal criminal charges. We affirm.

We review a district court's determination that a criminal defendant is competent to stand trial for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992); United States v. Gastelum-Almeida, 298 F.3d 1167, 1171 (9th Cir. 2002). As recognized by the district court, § 4241(d) establishes a two-part disjunctive test of competency: "If . . . the [district] court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General."

In the Commitment Order, the district court found that Rodman understood the nature of the proceedings against him, but also found that Rodman's "paranoia and delusional beliefs caused by bipolar type schizoaffective disorder are so pervasive and consuming as to make him incompetent to assist in his own defense." The court based its conclusion on the testimony of Dr. Robert Lucking, Rodman's primary evaluator, and Rodman's own testimony.

We have reviewed the record, including the transcript of Rodman's competency hearing, and we find no error, let alone clear error, in the district court's Commitment Order finding Rodman incompetent and committing him to the custody of the Attorney General.

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED